

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 29, 1939

Honorable Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-636
Re: Assuming that under the
1940 official Federal Census,
the population of Rusk County
will be between 50,000 and
65,000 inhabitants, will said
county be exempt from the
operation of Article 2744e,
Vernon's Annotated Civil
Statutes, and, if so, may the
county-wide equalization taxes
levied by said Article and
assessed for the year 1940
before the taking of such
census, be lawfully collected?

We have for attention your letter of April 13, 1939,
wherein you submit the following two inquiries, which we quote
from your letter:

"Rusk County has levied and collected the equali-
zation tax provided in said article. In 1940 when we
have a Federal Census, the population of Rusk County will
be somewhere between fifty thousand and sixty-five thou-
sand and it can be readily seen that since Article 2744e
only effect counties having a population of not less than
twenty thousand nor more than thirty-two thousand five
hundred, Rusk County will be taken out of the operation
of this special tax.

The following questions necessarily arise: (1) After
the Federal census is completed and the figures are re-
leased, and assuming that the population of Rusk County

will be between fifty thousand and sixty-five thousand, will Rusk County be exempt from the act? (2) if the first question is answered in the affirmative, can the 1940 taxes, which will be assessed before the census is taken, be collected?"

Article 2744e, Vernon's Annotated Civil Statutes, insofar as pertinent to your questions, provides in Section 1 thereof as follows:

"Sec. 1. All counties in this State having a population of not more than thirty-two thousand, five hundred (32,500) nor less than twenty thousand (20,000), according to the last preceding Federal Census, and containing a valuation of Seventy-five Million Dollars ($75,000,000) or more, are hereby created into county-wide equalization school districts, and each such county shall have the county unit system of education to the extent specified in this Act and may exercise the taxing power conferred on school districts by Article 7, Section 3 of the Constitution to the extent hereinafter provided but such taxing power shall not be exercised until and unless authorized by a majority of the qualified property taxpaying voters residing therein at an election to be held for that purpose as hereinafter provided."

Inasmuch as the applicability of Article 2744e, Vernon's Annotated Civil Statutes, is not limited to counties having a population of not more than 32,500, nor less than 20,000, according to any specific or designated Decennial Federal Census, but "according to the last preceding Federal Census," it is our opinion that Rusk County will be taken out of the operative effect of this Article in the event your assumptions should be vindicated by the official Federal Census for 1940, and it should appear therefrom that Rusk County will have a population of from 50,000 to 65,000 inhabitants.

But the removal of Rusk County from the scope of Article 2744e, Vernon's Annotated Civil Statutes, will not occur until the population of Rusk County for the year 1940 has been officially determined, ascertained and published by the Bureau of the Census, in accordance with the provisions and requirements of Title 13 U. S. C. A. Section 1-112, and amendments thereto, insofar as such congressional acts are pertinent to the taking and publication of

the Decennial Census of 1940. The fact that Rusk County now boasts a population in excess of the statutory brackets fixed by Article 2744e, Vernon's Annotated Civil Statutes, does not render such statute immediately inoperative, nor will the official determination and promulgation of this fact by the Bureau of the Census relate back so as to render the statute inoperative as of the date of the taking of the census. 14 C. J. Secundum p. 103; Lewis v. Lackawanna County, 50 Atl. 162.

It is generally held that in the absence of a statute providing when the census shall go into legal effect, it becomes official and effective as of the date of the publication, by a bulletin, certificate etc. of the Director of the Census. 14 C. J. Secundum p. 103, Holcomb v. Spikes, 232 S. W. 891. It is then but not until then that the courts will judicially notice the population of a given county so as to permit changes in classifications based thereon. Smith v. Patterson, 242 S. W. 749.

Applying this determinative date to your second question regarding the collectability of the taxes in question for the year 1940, it is the opinion of this Department that your conclusion is again correct, and that said county-wide equalization taxes levied by Article 2744e, Vernon's Annotated Civil Statutes, may lawfully be collected. This Article specifically provides that the taxes thereby levied shall be collected by the same officers and under the same laws as county ad valorem taxes. The tax levied by Article 2744e, Vernon's Annotated Civil Statutes, having been duly assessed prior to any possible effective date of the 1940 Federal Census, will, under governing statutes and the plain principle of taxation, be subject to collection.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED

ATTORNEY GENERAL OF TEXAS